# EXHIBIT 22

US1DOCS 7784863v1

HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hbdlawyers.com
LAWRENCE M. HADLEY (SNB 157728)
hadleyl@hbdlawyers.com
HAZIM H. ANSARI (SBN 190601)
ansarih@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 - Telephone
(213) 694-1234 - Facsimile

Attorneys for Plaintiffs, ALTNET, INC.,
BRILLIANT DIGITAL ENTERTAINMENT, INC.
and KINETECH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINETECH, INC., ALTNET, INC., and BRILLIANT DIGITAL ENTERTAINMENT, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> THE LIME GROUP, INC., AND LIME WIRE LLC <br><br> Defendants. | Case No. CV07-06161 VBF (PLAx) <br><br> **PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER** <br><br> DATE: December 17, 2007 <br> TIME: 1:30 p.m. <br> CTRM: 9 <br><br> **Honorable Valerie Baker Fairbank** |

## I. INTRODUCTION

Lime Wire premises its motion to transfer this case to New York on the ground that Plaintiffs' choice of a California forum will "unfairly prejudice" its ability to defend this patent infringement action. Lime Wire's only argument for overcoming the substantial deference afforded to Plaintiffs' choice of forum is the assertion that nine non-party individuals will be inconvenienced if the action remains here as opposed to New York. According to Lime Wire, all other factors are "neutral."

When a defendant seeks to upset a plaintiff's choice of forum based on the convenience of witnesses, it bears a heavy burden of proof. But Lime Wire's argument regarding the nine non-party individuals suffers a glaring failure of proof: Lime Wire cannot demonstrate that any of the nine third-party individuals possesses information that its own employee witnesses lack.

As Lime Wire concedes, these nine individuals, all Lime Wire former employees, each assisted in developing the accused software at issue in this case. While Plaintiffs' infringement allegations will require evidence regarding the functionality of Lime Wire's software, the software itself, combined with the knowledge of Lime Wire's current software engineers, most certainly provides all information needed to support any infringement or non-infringement contentions. Lime Wire's website lists at least eight software developers and engineers as current employees. Lime Wire offers no reason why its existing developers and engineers (as well as experts it will likely retain) cannot provide the same information known to its former employees. In fact, Lime Wire's former employees are more likely to have less memory of the accused software than its employees who work with it daily.

Finally, Lime Wire ignores the convenience of other witness who undoubtedly will testify at trial. One of the third party witnesses who will be necessary for trial is the patent co-inventor – David Farber – who resides in Ojai, California, within this judicial district. The other inventor – Ronald Lachman – resides in Illinois, a location no more convenient to New York than Los Angeles. Plaintiffs are all located in this

-1-

CASE NO: CV07-06161 VBF (PLAx)     OPPOSITION TO MOTION TO TRANSFER VENUE
643186.02

1 judicial district, and most of its employees, who will testify in this case regarding
2 patent ownership, willfulness, and damages-related issues, reside in the Los Angeles
3 area. Plaintiffs' trial counsel is located in Los Angeles as well.

4 Accordingly, the convenience of the witnesses most likely to testify at trial
5 weighs in favor of the Los Angeles forum. When combined with the heavy
6 presumption in favor of Plaintiffs' choice of forum, Lime Wire cannot sustain its
7 burden.

## II. THIS CASE SHOULD REMAIN IN THE CENTRAL DISTRICT

To prevail on its transfer request, Lime Wire must make an exceptionally strong showing that Plaintiffs' entitlement to a forum of their choice should be set aside because litigating this case in New York would be far more convenient for all involved. Lime Wire's motion should be denied because, under the relevant considerations, Lime Wire does not and cannot sustain its burden.

### A. PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO SUBSTANTIAL DEFERENCE

Lime Wire's discussion of legal factors relevant to transfer largely ignores the significant burden a defendant must carry to overcome the single most important factor – a plaintiff's choice of forum. District courts are not required to determine the "best venue," and motions seeking to transfer a case "should not be freely granted." In re Nine Mile, Ltd., 692 F.2d 56, 61 (8th Cir. 1982); Gherebi v. Bush, 352 F.3d 1278, 1303 (9th Cir. 2003). That is because a plaintiff's choice of forum is entitled to substantial deference and should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (A transfer of venue requires that defendant make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of the forum."); Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). A defendant seeking to transfer forum must

-2-
CASE NO: CV07-06161 VBF (PLAx)     OPPOSITION TO MOTION TO TRANSFER VENUE
643186.02

1  demonstrate that another forum would be more convenient, not equally convenient or
2  inconvenient, and "a transfer should not be granted if the effect is simply to shift the
3  inconvenience to the party resisting the transfer." <u>Celestial Mechanix Inc. v.</u>
4  <u>Susquehanna Radio Co.</u>, 73 U.S.P.Q.2d 1300, 2004 U.S. Dist. LEXIS 26987 at *6
5  (C.D. Cal.. Mar. 17, 2004); <u>Gherebi</u>, 352 F.3d at 1303. Given the "strong
6  presumption" favoring the plaintiff's choice of forum, <u>id</u>, the burden of establishing
7  that an action should be transferred rests heavily on the moving party. <u>Commodity</u>
8  <u>Futures Trading Commission v. Savage</u>, 611 F.2d 270, 278-279 (9th Cir. 1979).

9  Within these standards, the court must "balance the preference accorded to the
10 Plaintiff's choice of forum with the burden of litigating in an 'inconvenient forum.'"
11 <u>Gherebi</u>, 352 F.3d at 1302. In balancing, courts may consider a number of "practical
12 factors" including: (1) convenience of the parties; (2) convenience of the witnesses;
13 (3) access to proof; (4) location of underlying conduct; (5) availability of compulsory
14 process; (6) judicial economy/relative docket congestion; and (7) jury service burden.
15 See <u>id.</u>; William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, California
16 Practice Guide: Federal Civil Procedure Before Trial § 4:731-744 (TRG 2006).

### B.  LIME WIRE HAS NOT SUSTAINED ITS BURDEN OF ESTABLISHING SUFFICIENT INCONVENIENCE UNDER THE RELEVANT FACTORS TO DENY PLAINTIFFS THEIR CHOSEN FORUM

20 Each of the factors relevant to the transfer analysis either favors keeping the
21 case in this judicial district or is neutral. No factor favors a transfer to New York.
22 Because Lime Wire has not sustained its burden, the case must remain in this district.

#### 1. The Convenience of the Parties Favors Keeping This Case in the Central District

25 Lime Wire argues that this factor is neutral; but Lime Wire's simple
26 comparison of potential hardships ignores Lime Wire's burden of proof. For this
27 factor to support transfer, Lime Wire must demonstrate that the inconvenience of a
28 Central District forum to it would strongly outweigh the inconvenience to Plaintiffs if

-3-

the case is transferred to New York. <u>Decker Coal</u>, 805 F.2d at 843. Otherwise, the factor weighs against transfer. Indeed, if a transfer would merely shift the inconvenience from a defendant to a plaintiffs, the court should deny the motion to transfer. <u>Gherebi</u>, 352 F.3d at 1303. Moreover, where, as here, the plaintiff is located in its chosen forum, and the defendant seeks to transfer a case to its home forum, the "relative ability of the parties to absorb the costs associated with litigating in a distant forum is a valid consideration." <u>Celestial Mechanix</u>, 2004 U.S. Dist. LEXIS 26987 at *7; <u>Miracle v. NYP Holdings, Inc.</u>, 87 F. Supp. 2d 1060, 1073-74 (D. Haw. 2000).

Lime Wire has not demonstrated, or even offered evidence, that it will suffer any substantial inconvenience or financial hardship by litigating this case in Los Angeles instead of New York. As reflected on the caption of Lime Wire's motion, its counsel is located in Houston and Los Angeles. Depositions of Lime Wire employees can be conducted in New York. On the infrequent occasions when Lime Wire employees may need to appear in Los Angeles, they will have no trouble doing so.

At the same time, Lime Wire totally ignores the inconvenience to Plaintiffs of litigating in New York. Plaintiffs are based in the Central District. Plaintiffs are small businesses without extensive financial resources. All of the Plaintiffs' relevant files, software, and business operations are located in the Los Angeles area. Likewise, many of Plaintiffs' employees are located in the Los Angeles area, along with its trial counsel. (Declaration of Kevin Bermeister, ¶ 5.) Thus, a transfer of this case to New York will impose a substantial financial hardship and burden on Plaintiffs. (<u>Id</u>.)

### 2. Convenience of the Witnesses and Access to Proof Does Not Support Moving This Case to the Northern District

In seeking transfer to New York, Lime Wire relies exclusively on this factor. But a defendant seeking to transfer based on the convenience of third party witnesses has the burden of providing specific information about not only the identity of the witnesses, but the nature and materiality of their testimony. <u>Gherebi</u>, 352 F.3d at

-4-

CASE NO: CV07-06161 VBF (PLAx)  
643186.02

OPPOSITION TO MOTION TO TRANSFER VENUE

1304 n.33 (The "party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover.... The court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience in the forum."). While Lime Wire identifies nine non-party "witnesses" and provides a general statement that these individuals have knowledge regarding the Lime Wire software accused of infringement, these general statements fall well short of establishing that their testimony, either individually or collectively, is material to any issue in this case.

The third parties that Lime Wire identifies are all Lime Wire former employees who had involvement in developing the software accused of infringement. Most have overlapping knowledge. Lime Wire asserts that these individuals "are likely to be called to testify in this action." (Motion at 4.) But Lime Wire never says why. In patent cases, the development of an accused product lacks relevance to infringement. Instead, infringement turns on what an accused product does relative to the claims in the patent. Stambler v. RSA Sec., Inc., 123 Fed. Appx. 982, 986 (Fed. Cir. 2005) ("[E]vidence that SSL may have been developed through independent research is not relevant to the question of literal infringement. An independently developed product or process that falls within the scope of the asserted patent claims nevertheless infringes.").

As to how Lime Wire's accused software functions, Lime Wire provides no evidence that anyone on its list of former employees possesses unique technical knowledge. To the contrary, Lime Wire has numerous existing employees who are responsible for the technical development and architecture of its accused software. According to its own website, Lime Wire has a Chief Technology and Chief Operations Officer (Mr. Greg Bildson), a Project Manager and Senior Developer (Jason Pelzer), a Senior Software Developer/Code Wrangler (Sam Berlin), a Developer/Network Analyst (Zlatin Balevksy), and at least eight Software Developers (Felix Berger, Steffen Pingel, Leo Kim, Jeffrey Palm, Will Benedict, Michael Everett,

1  Ajanta Phatak, and Jessica Frank). Without question, these Lime Wire existing
2  employees know all material information regarding the technical operation and
3  architecture of its own software. Lime Wire can point to no information material to
4  this action that its former employees possess but its current employees lack. Simply
5  asserting, in conclusory terms, that a third party witness is "likely" to be called at trial,
6  without more, cannot support transfer. <u>J.I. Kislak Mortg. Corp. v. Connecticut Bank</u>
7  <u>& Trust Co., N.A.</u>, 604 F. Supp. 346, 348 (S.D. Fla., 1985) ("[I]f the party moving for
8  transfer under § 1404(a) merely makes a general allegation that witnesses will be
9  necessary, without identifying those necessary witnesses and indicating what their
10 testimony at trial will be, the motion for transfer based on convenience of witnesses
11 will be denied.").
12      In contrast, at least one third party witness, who resides within the Central
13 District of California, has unique knowledge that makes him an essential witness at
14 trial. David Farber, the co-inventor of the patent-in-suit, lives in Ojai, California, and
15 has no contacts with New York. (Bermeister Dec., ¶ 6.) The other co-inventor of the
16 patent-in-suit (Ronald Lachman) lives in Chicago – a place no more convenient to
17 New York than Los Angeles. Neither inventor is employed by Plaintiffs. (<u>Id</u>.) Lime
18 Wire's motion fails to consider the convenience of the inventors in its motion. Since
19 the inventors are the only third party witnesses who will certainly be called as trial
20 witnesses, Lime Wire's motion should be denied.
21      Finally, Lime Wire fails to show that access to proof compels the requested
22 transfer. Plaintiffs' documents concerning the patent and ownership of the patent are
23 all located in the Los Angeles area. (Bermeister Dec., ¶ 5.) While Lime Wire's
24 documents are probably located in New York, these documents can be copied and
25 sent to Los Angeles – likely in electronic form. In short, neither party will be denied
26 access to evidence by litigating this case in the Central District. Thus, Lime Wire
27 cannot carry its burden on this factor. <u>Ever Win Int'l Corp. v. Motorola, Inc.</u>, 71
28 U.S.P.Q. 2d 1647, 2004 U.S. Dist. LEXIS 18204 at *13 (C.D. Cal., Mar. 24, 2004)

(where relevant factors "weigh equally for both sides," motion to transfer must be denied).

### 3. Interests of Justice Favor Keeping this Case in the Central District

The remaining factors all fall under the general "interests of justice" category. Lime Wire offers no evidence that any of these factors strongly support upsetting Plaintiff's choice of forum. Instead, Lime Wire argues that each factor is neutral. Lime Wire again ignores its burden; neutral factors do not simply mean that a court should flip a coin to determine forum. Neutral factors weigh in favor of keeping a case in the plaintiff's chosen forum. Gherebi, 352 F.3d at 1303; Ever Win Int'l Corp., 2004 U.S. Dist. LEXIS 18204 at *13.

### 4. Balancing Factors Does Not Support Lime Wire's Requested Transfer

The convenience of the only third party witnesses who will unquestionably testify at trial in this case favor keeping the case in the Central District. So does the convenience of the parties. In the unlikely event that Lime Wire's former employees have some relevant evidence, they can be deposed in the New York area along with Lime Wire's current employees. The so-called neutral factors are all weigh in favor of keeping this case in Plaintiffs' chosen forum. Considering the hardship that Plaintiffs will face if they must pursue Lime Wire's alleged infringement in New York, Lime Wire does not come close to meeting the heavy burden it must establish to obtain a transfer of venue to New York.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny Lime Wire's motion to transfer venue.

DATED: December 3, 2007        HENNIGAN, BENNETT & DORMAN LLP


By  /s/ Lawrence M. Hadley
        Lawrence M. Hadley

Attorneys for Plaintiffs,
ALTNET, INC., BRILLIANT DIGITAL ENTERTAINMENT, INC., and KINETECH, INC.

...

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California 90017.

On December 3, 2007, I served a copy of the within document described as **PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER** on the interested parties in this action by transmitting via the Electronic Case Filing Program of the United States District Court for the Central District of California, the document listed above by uploading the electronic file for the above listed document on this date. The ECF Program will send an e-notice of the electronic filing to the following:

> Glenn W. Trost, Esq. - *gtrost@whitecase.com*
> White & Case LLP
> 633 W. Fifth Street, Suite 1900
> Los Angeles, CA 90071

The above-described document was also served on the parties indicated below, by U.S. First Class Mail only:

> Charles S. Baker, Esq.
> Porter & Hedges, L.L.P.
> 1000 Main Street, 36th Floor
> Houston, TX 77002

Executed on December 3, 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

              /S/ Lawrence M. Hadley
              Lawrence M. Hadley

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA