**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PersonalWeb Technologies, LLC | § | |
| | § | Civil Action No. 6:11-cv-660 (LED) |
| Plaintiff, | § | |
| v. | § | **JURY TRIAL REQUESTED** |
| | § | |
| EMC Corporation and VMware, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |


**PERSONALWEB'S SURREPLY IN SUPPORT OF OPPOSITION TO**
**MOTION TO STAY PENDING DECISION ON MOTION TO TRANSFER**
**VENUE OF DEFENDANTS EMC CORPORATION AND VMWARE, INC.**

871151

Defendants EMC Corporation and VMWare, Inc., admit in their reply that the Federal Circuit's *Fusion-IO* Order is not "formally binding on this Court…." (Reply at 2). Thus, the parties agree that no binding appellate authority mandates this Court to enter a stay until this Court decides the pending motion to transfer venue. The only issue in Defendants' motion is whether this Court should enter a discretionary stay until the transfer motion is decided. It should not.

Defendants cite the three-part test for a discretionary stay in *Nguyen v. BP Exploration & Prod., Inc.*, CIV.A.H-102484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010). Under that test, courts consider in deciding whether to issue a stay (1) the potential prejudice to the plaintiff from a stay, (2) the potential hardship to the defendant if the stay is denied, and (3) the judicial efficiency in avoiding duplicative litigation. None of these factors support a stay in this case.

First, PersonalWeb would be prejudiced greatly by a stay at this point in the case. All dates in the current Docket Control Order would likely be vacated or postponed. These dates are all coordinated in a common Docket Control Order for the first seven cases that PersonalWeb filed. Under that Docket Control Order, the parties just started the claim construction process by exchanging P.R. Rule 4-1 claim terms, and the parties are preparing for a common *Markman* hearing in July 2013. If this case were stayed, the ongoing coordination of these first seven cases would be lost. A stay also would prevent the coordination of six new cases that PersonalWeb filed last year against, among others, Rackspace, IBM, and Apple. Specifically, PersonalWeb has agreed to proceed with Rackspace and several of the other new defendants on the same *Markman* schedule as with the other defendants. Rackspace (a Texas company) has not moved to transfer, and has indicated it will not do so. IBM and Apple have not moved to transfer, and have not indicated any plans to do so. Accordingly, any stay of the EMC case will not only undo the coordination of the first seven cases, but will likely prevent the coordination of the additional

-1-

cases under a common *Markman* proceeding.  In fact, entering a stay may result in the need for multiple *Markman* hearings addressing the same claim terms.

Second, denying a stay in this case will impose little if any hardship to Defendants.  This case has been proceeding on course for over a year.  Defendants declined to ask for a stay when they filed their motion to transfer.  Further, during the time that the motion to transfer has been pending, Defendants never sought a discretionary stay until now.  The Federal Circuit's *Fusion-IO* Order presumably gave Defendants the idea for seeking delay, but they could have sought a discretionary stay at any time.  Certainly, proceeding with the *Markman* hearing and continuing discovery will not impose hardship on Defendants.  Claim construction will need to take place regardless of where the case is tried.  Moreover, any discovery completed now will be available for use regardless of whether this Court decides to keep the case here or to transfer it.  Thus, Defendants cannot be harmed by continuing the work and activities that have been underway for over a year, and that will need to be completed regardless of the trial location.

Third, denying a stay will not result in "duplicative litigation."  To the contrary, granting a stay will lead most likely to duplication and judicial inefficiency.  Defendants quote the Third Circuit's statement in *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3rd Cir. 1970), to the effect that judicial economy is promoted when the court ultimately responsible for trying the case also decides issues that arise during the case instead of considering such issues in two courts.  Defendants' reliance on a 1970 case shows that they could have asked for a stay before now.  In any event, *McDonnell Douglas* was not a patent case.  Rather, the case involved derivative and class action claims arising out of the acquisition of Conductron by McDonnell Douglas and alleged, among other things, preparation of a false and misleading proxy statement. *Polin v. Conductron Corp.*, 340 F. Supp. 602, 604 (E.D. Pa. 1972).  While it may have been more economical in *McDonnel Douglas* for the court ultimately responsible for trying a case to

-3-

make decisions on fact-driven issues such as class certification, the same reasoning does not

necessarily apply to legal issues in patent cases such as claim construction.  In fact, with the

eleven pending cases here, all involving the same patents, and with at least some of those cases

remaining in this Court, it is far more judicially efficient to have one court address legal issues

such as the meaning of patent terms.  Defendants point to no other questions arising in the near

term, prior to the *Markman* hearing, requiring a decision from this Court.  Thus, judicial

economy will not be served by ceasing all proceedings until the transfer motion is decided.

     For the foregoing reasons, PersonalWeb respectfully asks that Defendants' motion to stay

be denied.


DATED:  March 18, 2013

Respectfully submitted,

**McKOOL SMITH, P.C.**

   /s/ *Samuel E. Baxter*
Samuel E. Baxter
(sbaxter@mckoolsmith.com)
Texas Bar No. 01938000
104 East Houston Street, Suite 300
P. O. Box. O
Marshall, Texas  75670
Telephone:  (903) 923-9000
Facsimile:  (903) 923-9099

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
David Sochia
Texas State Bar No. 00797470
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Steve Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
McKool Smith, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700

871151

-4-

Telecopier: (512) 692-8744

Roderick G. Dorman (CA SBN 96908)
rdorman@mckoolsmithhennigan.com
Lawrence M. Hadley (CA SBN 157728)
lhadley@mckoolsmithhennigan.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234

*Attorneys for Plaintiff*
*PersonalWeb Technologies LLC*

871151

-5-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3)(A) on February 25, 2013.

*/s/ Samuel F. Baxter*_____

Samuel F. Baxter

871151