**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |
|---|---|
| PersonalWeb Technologies, LLC and<br>Level 3 Communications, LLC,<br><br>                      Plaintiffs,<br>    v.<br><br>EMC Corporation, and<br>VMware, Inc.,<br><br>                  Defendants. | Civil Action No. 6:11-cv-00660 (LED)<br><br>**JURY TRIAL REQUESTED** |

**FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**
**OF DEFENDANTS EMC CORPORATION AND VMWARE, INC.**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local

Rules of this Court, Defendants EMC Corporation ("EMC") and VMware, Inc. ("VMware")

(collectively, "Defendants") hereby respond to the allegations set forth in the Amended

Complaint of Plaintiffs PersonalWeb Technologies LLC ("PersonalWeb") and Level 3

Communications, LLC, ("Level 3") (collectively, "Plaintiffs") as follows:

**PRELIMINARY STATEMENT[1]**

1.      Paragraph 1 contains conclusions of law to which no response is required.  To the

extent that an answer is required, Defendants admit that Digital Island, Inc. and Kinetech, Inc.

are listed as parties on an agreement dated September 1, 2000, and that PersonalWeb and Level 3

each purport to own a fifty percent (50%) interest in U.S. Patent Nos. 5,978,791; 6,415,280;

6,928,442; 7,802,310; 7,945,539; 7,945,544; 7,949,662; and 8,001,096, but are without

---

[1]     For convenience and clarity, Defendants' Answer utilizes the same headings as set forth
in Plaintiffs' Amended Complaint.  In so doing, Defendants do not admit any of the allegations
contained in Plaintiffs' headings.

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.      Paragraph 2 contains conclusions of law to which no response is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

## THE PARTIES

4.      Defendants admit that PersonalWeb Technologies, LLC is a limited liability company organized under the laws of Texas, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.      Defendants admit that Level 3 Communications, LLC's website lists its North American Headquarters as located at 1025 Eldorado Boulevard, Broomfield, CO 80021, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.      Paragraph 6 contains conclusions of law and statements of intentions to which no response is required.  To the extent that an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      Admitted.

8.      Defendant VMware admits that it is a corporation organized and existing under the laws of Delaware; that VMware is majority owned by EMC; and that it is qualified to do

business in the state of Texas, Filing No. 0013179806, and has appointed CT Corporation

System, 350 N Saint Paul Street, Suite 2900, Dallas, TX 75201-4234, as an agent for service of

process.  VMware denies the remaining allegations of paragraph 8.

9.      Defendants admit that they make and distribute products and provide services to

consumers across the United States, including sales within the Eastern District of Texas, but

deny the remaining allegations of paragraph 9.

## JURISDICTION AND VENUE

10.      Paragraph 10 contains conclusions of law to which no response is required.

11.      Paragraph 11 contains conclusions of law to which no response is required.  To

the extent that any response is required, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations concerning PersonalWeb.  Defendants

admit that they transact business across the United States, including within the Eastern District of

Texas, but deny the remaining allegations of paragraph 11.  For the reasons further stated in

Defendants' Motion to Transfer Venue to the Northern District of California or, in the

Alternative, to the Central District of California, venue is more appropriate and convenient in

either the Northern or Central District of California.

12.      Paragraph 12 contains conclusions of law to which no response is required.  To

the extent that any response is required, Defendants admit that they ship, distribute, offer for

sale, sell, and advertise their products and offer their services across the United States, including

sales within the State of Texas and the Eastern District of Texas**,** but deny the remaining

allegations of paragraph 12.

13.      Paragraph 13 contains conclusions of law to which no response is required.  To

the extent that any response is required, Defendants admit that EMC sells licenses to certain third

party products, including VMware products, through its Select Program, but deny the remaining allegations of paragraph 13.

## PERSONALWEB BACKGROUND

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

18.    Paragraph 18 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that United States Patent No. 5,978,791, entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Data Items Have the Same Identifiers," issued on November 2, 1999, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19.    Denied.

20.    Denied.

21.    Denied.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

22.    Paragraph 22 contains conclusions of law to which no response is required.  To

the extent a response is required, Defendants admit that United States Patent No. 6,415,280,

entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On

Contents of Data," issued on July 2, 2002, but are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 22.

     23.    Denied.

     24.    Denied.

     25.    Denied.

## INFRINGEMENT OF U.S. PATENT NO. 6,928,442

     26.    Paragraph 26 contains conclusions of law to which no response is required.  To

the extent a response is required, Defendants admit that United States Patent No. 6,928,442,

entitled "Enforcement and Policing of Licensed Content Using Content-based Identifiers," issued

on August 9, 2005, but are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in paragraph 26.

     27.    Denied.

     28.    Denied.

     29.    Denied.

## INFRINGEMENT OF U.S. PATENT NO. 7,802,310

     30.    Paragraph 30 contains conclusions of law to which no response is required.  To

the extent a response is required, Defendants admit that United States Patent No. 7,802,310,

entitled "Controlling Access to Data in a Data Processing System," issued on September 21,

2010, but are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 30.

     31.    Denied.

32.     Denied.

33.     Denied.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

34.     Paragraph 34 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that United States Patent No. 7,945,539, entitled "Distributing and Accessing Data in a Data Processing System", issued on May 17, 2011, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35.     Denied.

36.     Denied.

37.     Denied.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,544

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that United States Patent No. 7,945,544, entitled "Similarity-Based Access Control of Data in a Data Processing System," issued on May 17, 2011, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39.     Denied.

40.     Denied.

41.     Denied.

## INFRINGEMENT OF U.S. PATENT NO. 7,949,662

42.     Paragraph 42 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that United States Patent No. 7,949,662,

entitled "De-duplication of Data in a Data Processing System," issued on May 24, 2011, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42.

43.    Denied.

44.    Denied.

45.    Denied.

## INFRINGEMENT OF U.S. PATENT NO. 8,001,096

46.    Paragraph 46 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that United States Patent No. 8,001,096, entitled "Computer File System Using Content-Dependent File Identifiers," issued on August 16, 2011, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

47.    Denied.

48.    Denied.

49.    Denied.

## COUNT ONE – PATENT INFRINGEMENT AGAINST EMC

50.    Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1-49 of the Complaint as though fully set forth herein.

51.    Denied.

52.    Denied.

53.    Paragraph 53 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Kinetech, Inc. approached EMC in 2004 to discuss the '791 and '280 patents, but after EMC explained the reasons that it was not

infringing the patents, Kinetech never brought suit.  Defendants deny the remaining allegations contained in paragraph 53.

## COUNT TWO – PATENT INFRINGEMENT AGAINST VMWARE

54.     Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1-53 of the Complaint as though fully set forth herein.

55.     Denied.

56.     Denied.

57.     Denied.

## WILLFUL INFRINGEMENT

58.     Paragraph 58 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant EMC admits that it cited one or more of the Patents-in-Suit during prosecution of its own patent applications, but Defendants deny the remaining allegations contained in paragraph 58.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiffs have raised any valid claims in their Amended Complaint.

## PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested.

## DEFENDANTS' DEFENSES TO PLAINTIFFS' COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
#### (Non-Infringement)

Plaintiffs are not entitled to any relief against Defendants because Defendants have not directly infringed any claim of U.S. Patent Nos. 5,978,971 ("the '791 patent"); 6,415,280 ("the '280 patent"); 6,928,442 ("the '442 patent"); 7,802,310 ("the '310 patent"); 7,945,539 ("the '539 patent"); 7,945,544 ("the '544 patent"); 7,949,662 ("the '662 patent") or 8,001,096 ("the '096

patent") (collectively, "Patents-in-Suit"), and have not actively induced infringement,

contributed to infringement, or otherwise committed any act giving rise to liability for

infringement of the Patents-in-Suit under 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the Patents-in-Suit are invalid and/or unenforceable for failing to meet one

or more of the requisite statutory requirements for patentability under 35 U.S.C. §§ 101, 102,

103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' purported claims are barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' purported claims are barred, in whole or in part, by waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' purported claims are barred, in whole or in part, by estoppel and/or equitable

estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' purported claims are barred, in whole or in part, by unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel / Judicial Estoppel)

Plaintiffs are estopped from construing the asserted claims of the Patents-in-Suit in such a

way as may cover Defendants' activities by reason of amendment, cancellation, or abandonment

of claim(s), and the admissions and other statements made in and to the United States Patent and

Trademark Office during prosecution and/or re-examination proceedings; prior statements made in or to any Court; prior rulings of any Court; and/or Plaintiffs and the Patents-in-Suit's inventor(s)' prior conduct.

### EIGHTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

Plaintiffs are not entitled to injunctive relief because any alleged injuries to Plaintiffs are neither immediate nor irreparable, and Plaintiffs have an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Plaintiffs' right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

### TENTH AFFIRMATIVE DEFENSE
### (Exhaustion, Implied License, Actual License, and/or
### Restrictions on Double Recovery)

Plaintiffs' purported claims are barred, in whole or in part, by exhaustian, implied license, actual license, and/or restrictions on double recovery.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

On information and belief, Plaintiffs do not hold all rights and interest in the Patents-in-Suit within the "PersonalWeb Patent Field" as defined by PersonalWeb, and particularly not in the field of use of Defendants' accused products.  Therefore, Plaintiffs lack standing to sue Defendants for infringement of the Patents-in-Suit.

### RESERVATION OF ADDITIONAL DEFENSES

EMC and VMware reserve any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later

arising, as may be discovered.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiffs EMC and VMware, on personal knowledge as to their own acts, and on information and belief as to all others based on their own and their attorneys' investigation, allege Counterclaims against Counterclaim-Defendants PersonalWeb and Level 3 as follows:

## NATURE OF THE ACTION

1.      On information and belief, according to the allegations set forth in the Complaint, PersonalWeb and Level 3 claim to be the owner of all rights, titles, and interests to the Patents-in-Suit, including the rights to sue and recover for infringement.

2.      PersonalWeb has accused EMC and VMware of directly infringing, contributing to the infringement of, or inducing others to infringe the Patents-in-Suit.  EMC and VMware deny that any of their products infringe any valid or enforceable claim of the Patents-in-Suit.

3.      An actual case and controversy exists between the parties concerning the infringement of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

4.      These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the Patents-in-Suit.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  This Court also has personal jurisdiction over PersonalWeb and Level 3 because PersonalWeb and Level 3 have already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

5.      Venue for these Counterclaims is legally proper in this District pursuant to 28

U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in either the

Northern District of California or the Central District of California.

## PARTIES

6.      Counterclaim-Plaintiff EMC is a Massachusetts Corporation with its principal

place of business at 176 South Street, Hopkinton, MA 01748.

7.      Counterclaim-Plaintiff VMware is a corporation organized and existing under the

laws of Delaware and with its principal place of business at 3401 Hillview Ave., Palo Alto, CA

94304.  VMware is majority owned by EMC.

8.      On information and belief, according to the allegations in paragraph 4 of the

Amended Complaint, Counterclaim-Defendant PersonalWeb is a limited liability company

organized under the laws of Texas with its principal place of business at 112 E. Line Street, Suite

204, Tyler, TX 75702.

9.      On information and belief, according to the allegations in paragraph 5 of the

Amended Complaint, Counterclaim-Defendant Level 3 is a limited liability company organized

under the laws of Delaware with its principal place of business at 1025 Eldorado Boulevard,

Broomfield, CO 80021.

## COUNTERCLAIM COUNT I
### (Non-Infringement of U.S. Patent No. 5,978,791)

10.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 9 as if fully set forth herein.

11.     EMC and VMware are neither infringing, contributorily infringing, actively

inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any

valid, enforceable claim of the '791 patent as properly construed.

12.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and

to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to declaratory judgment that they have not infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '791 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II
### (Invalidity of U.S. Patent No. 5,978,791)

13.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 12  as if set forth fully herein.

14.     One or more claims of the '791 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

15.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '791 patent is invalid.

## COUNTERCLAIM COUNT III
### (Non-Infringement of U.S. Patent No. 6,415,280)

16.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 15  as if fully set forth herein.

17.     EMC and VMware are neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any valid, enforceable claim of the '280 patent as properly construed.

18.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations

have precipitated, EMC and VMware are entitled to declaratory judgment that they have not

infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '280

patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT IV
### (Invalidity of U.S. Patent No. 6,415,280)

19.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 18  as if set forth fully herein.

20.     One or more claims of the '280 patent are invalid or unenforceable for failing to

meet one or more of the requisite statutory and decisional requirements and/or conditions for

patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

21.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and

to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's

accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the

'280 patent is invalid.

## COUNTERCLAIM COUNT V
### (Non-Infringement of U.S. Patent No. 6,928,442)

22.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 21 as if fully set forth herein.

23.     EMC and VMware are neither infringing, contributorily infringing, actively

inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any

valid, enforceable claim of the '442 patent as properly construed.

24.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and

to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations

have precipitated, EMC and VMware are entitled to declaratory judgment that they have not

infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '442 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT VI
### (Invalidity of U.S. Patent No. 6,928,442)

25.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 24 as if set forth fully herein.

26.     One or more claims of the '442 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

27.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '442 patent is invalid.

## COUNTERCLAIM COUNT VII
### (Non-Infringement of U.S. Patent No. 7,802,310)

28.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     EMC and VMware are neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any valid, enforceable claim of the '310 patent as properly construed.

30.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to declaratory judgment that they have not infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '310

patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT VIII
### (Invalidity of U.S. Patent No. 7,802,310)

31.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 30 as if set forth fully herein.

32.     One or more claims of the '310 patent are invalid or unenforceable for failing to

meet one or more of the requisite statutory and decisional requirements and/or conditions for

patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

33.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and

to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's

accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the

'310 patent is invalid.

## COUNTERCLAIM COUNT IX
### (Non-Infringement of U.S. Patent No. 7,945,539)

34.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 33 as if fully set forth herein.

35.     EMC and VMware are neither infringing, contributorily infringing, actively

inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any

valid, enforceable claim of the '539 patent as properly construed.

36.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and

to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations

have precipitated, EMC and VMware are entitled to declaratory judgment that they have not

infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '539

patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT X
### (Invalidity of U.S. Patent No. 7,945,539)

37.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 36 as if set forth fully herein.

38.     One or more claims of the '539 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

39.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '539 patent is invalid.

## COUNTERCLAIM COUNT XI
### (Non-Infringement of U.S. Patent No. 7,945,544)

40.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     EMC and VMware are neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any valid, enforceable claim of the '544 patent as properly construed.

42.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to declaratory judgment that they have not infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '544 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT XII
### (Invalidity of U.S. Patent No. 7,945,544)

43.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 42 as if set forth fully herein.

44.     One or more claims of the '544 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

45.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '544 patent is invalid.

## COUNTERCLAIM COUNT XIII
### (Non-Infringement of U.S. Patent No. 7,949,662)

46.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     EMC and VMware are neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any valid, enforceable claim of the '662 patent as properly construed.

48.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to declaratory judgment that they have not infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '662 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT XIV
### (Invalidity of U.S. Patent No. 7,949,662)

49.     EMC and VMware repeat and re-allege the allegations contained in paragraphs 1

through 48 as if set forth fully herein.

50.    One or more claims of the '662 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

51.    To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '662 patent is invalid.

## COUNTERCLAIM COUNT XV
### (Non-Infringement of U.S. Patent No. 8,001,096)

52.    EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.    EMC and VMware are neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any valid, enforceable claim of the '096 patent as properly construed.

54.    To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy that PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to declaratory judgment that they have not infringed and are not infringing, directly or indirectly, any valid, enforceable claim of the '096 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT XVI
### (Invalidity of U.S. Patent No. 8,001,096)

55.    EMC and VMware repeat and re-allege the allegations contained in paragraphs 1 through 54 as if set forth fully herein.

56.     One or more claims of the '096 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

57.     To resolve the legal and factual questions raised by PersonalWeb and Level 3 and to afford relief from the uncertainty and controversy from which PersonalWeb and Level 3's accusations have precipitated, EMC and VMware are entitled to a declaratory judgment that the '096 patent is invalid.

## PRAYER FOR RELIEF

WHEREAS, EMC and VMware request that this Court enter a judgment in their favor and against PersonalWeb and Level 3 as follows:

   (a)     Dismiss the Complaint in its entirety, with prejudice;

   (b)     Enter judgment in favor of EMC and VMware and against PersonalWeb and Level 3;

   (c)     Declare that the '791 patent has not been infringed by EMC or VMware;

   (d)     Declare that the '791 patent is invalid and unenforceable;

   (e)     Declare that the '280 patent has not been infringed by EMC or VMware;

   (f)     Declare that the '280 patent is invalid and unenforceable;

   (g)     Declare that the '442 patent has not been infringed by EMC or VMware;

   (h)     Declare that the '442 patent is invalid and unenforceable;

   (i)     Declare that the '310 patent has not been infringed by EMC or VMware;

   (j)     Declare that the '310 patent is invalid and unenforceable;

   (k)     Declare that the '539 patent has not been infringed by EMC or VMware;

   (l)     Declare that the '539 patent is invalid and unenforceable;

   (m)     Declare that the '544 patent has not been infringed by EMC or VMware;

(n)     Declare that the '544 patent is invalid and unenforceable;

(o)     Declare that the '662 patent has not been infringed by EMC or VMware;

(p)     Declare that the '662 patent is invalid and unenforceable;

(q)     Declare that the '096 patent has not been infringed by EMC or VMware;

(r)     Declare that the '096 patent is invalid and unenforceable;

(s)     Declare that PersonalWeb and Level 3 have waived and are estopped from obtaining any relief from EMC and VMware on their purported claims;

(t)     Declare that this is an exceptional case under 35 U.S.C. § 285 and award EMC and VMware their costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

(u)     Grant such further relief to EMC and VMware as is just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with FED. R. CIV. P. 38(b), EMC and VMware demand a trial by jury on all issues so triable.

Dated:  May 1, 2013                          Respectfully submitted,


**OF COUNSEL:**                              **POTTER MINTON, P.C.**

William F. Lee
Cynthia D. Vreeland                          By:  _/s/ Michael E. Jones_____
Anna E. Lumelsky                                  Michael E. Jones
WILMER CUTLER PICKERING HALE                      State Bar No. 10929400
AND DORR LLP                                      110 North College, Suite 500
60 State Street                                   Tyler, Texas  75710-0359
Boston, MA  02109                                 Tel:  (903) 597-8311
(617) 526-6000                                    mikejones@potterminton.com

Robert Galvin
Cortney C. Hoecherl
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

                                             *Attorney for Defendants and Counterclaim-*
                                             *Plaintiffs EMC Corporation and VMware, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 1, 2013.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*